**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RODNEY DEWALT,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-2079-KHV |
| | ) | |
| **CITY OF OVERLAND PARK, KANSAS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Proceeding pro se, Rodney DeWalt brings suit against the City of Overland Park, Kansas for breach of contract, negligence, fraud, intentional infliction of emotional distress and intentional interference with prospective economic advantage related to his nightclub Gossip.  This matter is before the Court on Defendant City Of Overland Park, Kansas' Motion To Dismiss (Doc. #3) filed March 13, 2020.  For reasons stated below, the Court sustains defendant's motion and dismisses this action.

**Factual Background**

Highly summarized, plaintiff's complaint alleges as follows.

On August 11, 2016, for a term of five years, Metcalf 107, LLC leased to plaintiff, an African-American, the property at 10635 Floyd Street, Overland Park, Kansas.  Plaintiff proposed to operate a nightclub called Gossip at the location.  Plaintiff worked for months with City Planner Aaron Dubois, who continued to reject the proposed business use.  Plaintiff then contacted City Attorney Steve Horner to discuss why Dubois had continued to deny his planned business use. Horner advised plaintiff to apply for a special use permit for the parking lot.  After plaintiff did so, in April of 2017, the City approved the special use permit and granted plaintiff a building permit.

In May of 2017, plaintiff began construction. After inspection, the City inspector approved faulty electrical work including extension cords that were being used for permanent wiring. On December 6, 2017, the City issued plaintiff a certificate of occupancy. Shortly thereafter, on December 11, 2017, an electrical fire started because of the extension cords that were being used as permanent wiring. The business suffered some damage, but continued to operate. On several occasions, however, the lighting would go out and cause customers to panic.

In January of 2018, plaintiff hired Extreme Lighting to repair the electrical system. Extreme Lighting found runs of extension cords throughout the business, along with faulty breakers. Extreme Lighting made repairs, but plaintiff continued to have issues with the electrical system.

In March of 2018, plaintiff sought to renew his special use permit, which required him to appear before the Overland Park Planning Commission. The City Planner told plaintiff that the City required active shooter training and five security guards at his nightclub during hours of operation. One of the planning commissioners asked plaintiff if he had ever thought of moving to a different location because he did not like plaintiff's parking situation.

After the City Planning Commission renewed plaintiff's permit, plaintiff met with Horner, the police chief and various City officials to discuss the additional requirements for renewal of the permit, as well as the comments made by the planning commissioner. Plaintiff also told them of racial threats that he had received and other racial issues, but the City officials offered no help.

In April of 2018, one of the City's code administrators recommended additional repairs to the electrical system. Shortly thereafter, plaintiff decided to close Gossip.

On December 17, 2018, in the District of Kansas, plaintiff filed suit against the City, alleging race discrimination under 42 U.S.C. § 1981, violations of his constitutional rights to

procedural due process, equal protection and freedom of association under 42 U.S.C. § 1983, negligence, intentional interference with economic relations and intentional infliction of emotional distress.  See Complaint (Doc. #1 in Case No. 18-2690).  Plaintiff alleged that he was forced to close Gossip after experiencing multiple electrical issues and a fire due to faulty wiring, as well as racist threats from members of the public.

On August 5, 2019, the Honorable Daniel D. Crabtree granted the City's motion for judgment on the pleadings because the complaint failed to allege facts capable of supporting his federal claims.  Order Dismissing Case (Doc. #53 in Case No. 18-2690).  After Judge Crabtree dismissed plaintiff's federal claims, he declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice.  Plaintiff appealed.  On February 24, 2020, the Tenth Circuit affirmed.  DeWalt v. City of Overland Park, Kan., 794 F. App'x 804 (10th Cir. 2020).

On February 5, 2020, in the District Court of Johnson County, Kansas, plaintiff filed suit against the City.  See Petition (Doc. #1-2).  Specifically, plaintiff asserted claims for negligence (Count I), "duty of care" (Count II), breach of contract (Count III), fraud (Count IV), intentional infliction of emotional distress (Count V) and intentional interference with prospective economic advantage (Count VI).  See id.  On February 25, 2020, defendant removed the action to this Court.  See Notice Of Removal (Doc. #1).

In the instant motion, defendant seeks to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim on which relief can be granted.

## Legal Standards

Dismissal under Rule 12(b)(1), Fed. R. Civ. P., is appropriate when the Court lacks subject matter jurisdiction over a claim for relief.  Because federal courts have limited jurisdiction, the law

imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). A federal court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss an action "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the Court should not dismiss the case. Marcus, 170 F.3d at 1309.

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679–80.

Plaintiff bears the burden of framing his claims with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of

misconduct, the pleading has alleged—but has not shown—that the pleaders are entitled to relief. See id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008).

The Court liberally construes the pleadings of a pro se plaintiff. See Jackson v. Integral Inc., 952 F.2d 1260, 1261 (10th Cir. 1991). Even so, the Court may not assume the role of advocate for a pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Analysis

### I.  Breach Of Contract Claim (Count III)

Plaintiff alleges that the City breached its agreement with plaintiff "to inspect the premise[s] and to make sure that the building was suitable for occupancy." Petition (Doc. #1-2), Count III, ¶ 52. Defendant argues that Count III fails to state a claim for breach of contract.

To succeed on a claim for breach of contract under Kansas law, plaintiff must show that (1) a contract existed between the parties, (2) sufficient consideration supported the contract, (3) plaintiff performed or was willing to perform in compliance with the contract, (4) defendant breached the contract and (5) defendant's breach caused plaintiff to suffer damages. Stechschulte v. Jennings, 297 Kan. 2, 23, 298 P.3d 1083, 1098 (2013). Defendant argues that the complaint does not allege sufficient facts to establish the first three elements. Plaintiff's response does not address defendant's argument. Plaintiff apparently assumes that the City's inspection of a property creates a contract between the City and the property owner. This assumption is not plausible. Plaintiff's complaint is devoid of factual allegations that the parties had a contract, mutual promises or consideration or that plaintiff performed or was willing to perform under any such agreement. Accordingly, the Court dismisses plaintiff's breach of contract claim (Count III)

because it fails to state a claim on which relief can be granted.

## II. Tort Claims (Counts I, II, IV, V and VI)

As to plaintiff's tort claims, defendant seeks dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  When defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the Court must first decide the motion under Rule 12(b)(1) because the latter challenge would be moot if the Court lacks subject matter jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682 (1946).

Defendant asserts that the Court lacks jurisdiction over plaintiff's state tort claims because he did not submit a timely notice of claim as required by K.S.A § 12-105b.  Section 12-105b(d) provides that "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice . . . before commencing such action." K.S.A. § 12-105b(d).  This notice requirement is a condition precedent to suit against a municipality.  Tucking v. Bd. of Comm'rs of Jefferson Cnty., 14 Kan. App.2d 442, 445, 796 P.2d 1055, 1057 (1990); see Abouelenein v. Kan. City Kan. Cmty. Coll., No. 18-2670-DDC-JPO, 2020 WL 1528500, at *11 (D. Kan. Mar. 31, 2020) (plaintiff's failure to comply with K.S.A. § 12-105b leaves court without subject matter jurisdiction).  The purpose of the notice requirement is to sufficiently advise the municipality of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained.  Tucking, 14 Kan. App.2d at 448, 796 P.2d at 1059.

Plaintiff responds that he cannot tell which claims are subject to the notice provision, Plaintiff's Opposition To Motion To Dismiss (Doc. #5) filed March 25, 2020 at 4, but defendant's initial memorandum adequately identified the five tort claims which require notice under K.S.A. § 12-105b.  Plaintiff generally argues that he has standing, but he offers no explanation why he did

not timely file a notice of claim under Section 12-105b(d). Accordingly, the Court dismisses plaintiff's tort claims without prejudice because plaintiff did not allege that he complied with the notice requirement of K.S.A. § 12-105b(d) and he has cited no justification for his failure to do so.

### III.     Plaintiff's Request To Amend

Plaintiff requests leave to amend to the extent that "any claim for relief be dismissed and it appears that [it] may be cured by amendment." Plaintiff's Opposition To Motion To Dismiss (Doc. #5) at 4. Plaintiff does not attach a proposed amended complaint as required by Local Rule 15.1. See D. Kan. Rule 15.1(a)(2). Compliance with this requirement is critical for the Court to assess the factors relevant in deciding a motion to amend, and to give the opponent an opportunity to review, evaluate and perhaps oppose the proposed amendments. In addition, plaintiff does not describe—and based on the present record, the Court cannot envision—how he could amend his complaint to state a claim for breach of contract or to allege compliance with the notice requirement of K.S.A. § 12-105b. For these reasons, the Court denies plaintiff's request to amend.

**IT IS THEREFORE ORDERED** that Defendant City Of Overland Park, Kansas' Motion To Dismiss (Doc. #3) filed March 13, 2020 is **SUSTAINED**. **The Court dismisses plaintiff's breach of contract claim (Count III) for failure to state a claim on which relief can be granted. The Court dismisses plaintiff's tort claims (Counts I, II, IV, V and VI) without prejudice for lack of jurisdiction.**

Dated this 17th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
